UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* TO GERALD MARTIN ) ) ) | MISC. CASE NO. 6:13-MC-102-ORL-37 KRS  CIVIL ACTION NO. 10-CV-0940GPC(WVG) (S.D. Cal.) |
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Others Similarly Situated,  Plaintiffs,  vs.  TRUMP UNIVERSITY, LLC, et al.,  Defendants. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DECLARATION OF RACHEL L. JENSEN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM*, AND REQUEST FOR ORDER TO SHOW CAUSE WHY NON-PARTY GERALD MARTIN SHOULD NOT BE HELD IN CONTEMPT AND MEMORANDUM OF LAW IN SUPPORT |

I, Rachel L. Jensen, declare as follows:

1. I am a member of the law firm Robbins Geller Rudman & Dowd LLP, one of Plaintiffs' counsel and proposed class counsel. I am duly licensed to practice before all state and federal courts in California. The facts stated in this declaration are true and based upon my own personal knowledge and, if called to testify to them, I would competently do so.

2. On the afternoon of October 21, 2013, I received a letter from Jill Martin, counsel for Donald J. Trump and Trump University in this action, which informed me that Defendants would not be going forward with the deposition of Gerald Martin ("Martin"), on October 23, 2013, the agreed-upon date for Martin's deposition. Defendants' sole basis was that Movants' counsel had filed a related class action on October 18, 2013, and Defendants suspected the true motive was to obtain early discovery in the other matter (even though Movants had been seeking to take the depositions of former Trump University instructors for over a year and pushing to take Martin's and other instructors' depositions before the upcoming class certification hearing in this matter).

3. That same day, on October 21, 2013, I sent a letter to Ms. Martin advising that Movants believed their last-minute attempt to delay the further delay the deposition was disingenuous and improper, and informing her that in light of the serious repercussions for failing to obey the subpoena, we anticipated that Martin would honor his obligations and appear for the scheduled deposition. I further explained that, should Martin fail to show up for the deposition as previously agreed, we would seek reimbursement for all attorneys' fees and expenses incurred in connection with the deposition, including travel to Orlando.

4. Nevertheless, Ms. Martin advised Defendants still would not go forward and produce Martin for deposition on October 23, 2013, as they had previously agreed to do.

5. Though Movants conferred with Martin's counsel as described above and attempted to dissuade Martin from refusing to attend the deposition without a court order excusing his appearance, the parties were unable to reach agreement or resolve the dispute.

6. Today, as promised, my co-counsel Amber Eck appeared at Martin's deposition in Orlando. My understanding from Ms. Eck is Martin did not appear at the deposition, and she made a record of his non-attendance through the certified court reporter who appeared for the deposition as scheduled.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of October, 2013, at San Diego, California.

/s/ Rachel L. Jensen
RACHEL L. JENSEN
California Bar Number 211456
Attorney for Plaintiffs
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
Fax: 619/231-7423
E-mail: rachelj@rgrdlaw.com