UNITED STATES DISTRICT COURT

MIDDLE DISTRICT FLORIDA

ORLANDO DIVISON

| | |
|---|---|
| TARLA MAKAEFF, et al., on Behalf of Themselves and All Other Similarly Situated, | CASE NO: 6:13-cv-1679-Orl-37-KRS <br><br> CIVIL ACTION NO. 10-CV-094GPC (WVG) (S.D. Cal.) |
| Plaintiffs, | |
| vs. | |
| TRUMP UNIVERSITY, LLC, et al., | |
| Defendants. | |
| _____/ | |

**RE-FILED *UNOPPOSED* MOTION TO MODIFY COURT'S OCTOBER 29, 2013 ORDER[1]**

Gerald Martin ("Mr. Martin") and Trump University LLC ("Trump"), hereby move the Court, *unopposed*, to modify the Court's attached October 29, 2013 Order to move Mr. Martin's deposition by 1 day to Tuesday, November 5, 2013, and in support of this *Unopposed* Motion, Mr. Martin and Trump state the following:

On October 29, 2013, this Court entered an Order and Conditional Notice of Hearing (Dkt. No. 7) ordering that Mr. Martin and his counsel appear for his deposition and produce documents called for in the subpoena *duces tecum* on November 4, 2013 at 9:00 a.m. at Luks, Santaniello, Petrillo & Jones, 255 S. Orange Avenue, Suite 750, Orlando, Florida 32801.

Mr. Martin respectfully requests that the Order be modified to change the date of his appearance by 1 day, from November 4, 2013 to November 5, 2013 (with the same time and location for the deposition). Mr. Martin makes this request because he is scheduled to be on an

---

[1] This Motion is being re-filed in the above-styled civil CASE NO: 6:13-cv-1679-Orl-37-KRS because the previous miscellaneous CASE NO. 13-mc-00102-RBD-KRS is now closed.

airplane on November 5, 2013 returning to Orlando from a business trip (that requires him to be working all day in Boston on Sunday, November 3, 2013) at the time he is ordered to appear, and he is not scheduled to arrive in Orlando until 10:30 a.m. on November 4, 2013.

Should this Court grant Mr. Martin's request, Mr. Martin further requests that the Order be modified to reflect that the hearing date, necessary only in the event he does not appear for his deposition, shall be changed from 1:30 p.m. on Monday, November 4, 2013, to 1:30 p.m. on Tuesday, November 5, 2013 (or any other time the Court is available on November 5, 2013).

Pursuant to M.D. Fla. Local Rule 3.01(g), counsel for Mr. Martin, Jill A. Martin, Esq., conferred with counsel for Plaintiffs and counsel for Plaintiffs, specifically Amber Eck, Esq., has advised that Plaintiffs have no objection to the relief requested herein.

WHEREORE and based upon the foregoing, Mr. Martin and Trump respectfully request that the Court modify its Order to reflect that Mr. Martin's deposition take place on November 5, 2013 instead of November 4, 2013.

Dated: October 30, 2013        Respectfully submitted,

                        RUSSOMANNO & BORRELLO, P.A.
                        Museum Tower – Penthouse 2800
                        150 West Flagler Street
                        Miami, Florida 33130
                        Telephone: (305) 373-2101
                        Facsimile: (305) 373-2103

                        By:/s/ Herman J. Russomanno III
                            Herman J. Russomanno (Fla. Bar No.240346)
                            hrussomanno@russomanno.com
                            Herman J. Russomanno III (Fla. Bar No. 21249)
                            herman2@russomanno.com

                                          Jill A. Martin, Esq. (*pro hac vice to be filed*)
                                          One Trump National Dr.
                                          Rancho Palos Verdes, CA *90275*
                                          Telephone (310) 303-3225
                                          Facsimile: (310) *265-5522*
                                          Email: jmartintrumpnational.com

                                          *Counsel for Trump University, LLC,*
                                          *Donald J. Trump and Gerald Martin*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se Parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          /s/  Herman J. Russomanno III

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: SUBPOENA *DUCES TECUM* AND
*AD TESTIFICANDUM* TO GERALD MARTIN

_____

**TARLA MAKAEFF, et al., on behalf of themselves and all others similarly situated,,**

      **Plaintiffs,**

-vs-                   **Case No. 6:13-mc-102-Orl-37KRS**

**TRUMP UNIVERSITY, LLC, et al.,**

      **Defendants.**

_____

**ORDER**
**And Conditional Notice of Hearing**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM AND AD TESTIFICANDUM, AND REQUEST FOR ORDER TO SHOW CAUSE WHY NON-PARTY GERALD MARTIN SHOULD NOT BE HELD IN CONTEMPT (Doc. No. 1)**
>
> **FILED:** October 23, 2013
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part without prejudice.

Case 6:13-cv-06792-RBD-KRS Document 13 Filed 10/29/13 Page 4 of 7 PageID 103

**I.     BACKGROUND.**

Movants are Plaintiffs in a case pending in the United States District Court for the Southern District of California, captioned *Makaeff v. Trump University, LLC* (the *Makaeff* case). They issued a subpoena to non-party witness Gerald Martin requiring him to appear for a deposition and produce documents. Mr. Martin is represented by counsel for the Defendants in the *Makaeff* case.

After much negotiation between the parties and Mr. Martin, Mr. Martin agreed through counsel to appear in Orlando, Florida on October 23, 2013 for his deposition. On October 21, 2013, counsel for Mr. Martin informed counsel for Movants that Defendants refused to proceed with the deposition. Neither Mr. Martin nor counsel appeared for the deposition as scheduled.

Movants seek an order requiring Mr. Martin to comply with the previously issued subpoena by appearing for a deposition on November 1, 2013 and reimbursing them for the fees and costs incurred in attending the October 23, 2013 deposition and filing the present motion. They also seek an order requiring Mr. Martin to appear to show cause why he should not be held in contempt of Court.

Mr. Martin responds, through counsel, that he is not available to be deposed on November 1, 2013. His counsel argue that they had "good cause" to cancel his deposition on short notice because a new case was filed against Defendants shortly before the deposition was to take place. Doc. No. 7.

**II.    ANALYSIS.**

The record reflects that the subpoena for the deposition was correctly issued from this Court to Mr. Martin at an address in Lake Mary, Florida, which is in the Middle District of Florida. Mr. Martin had ample notice of the deposition and, indeed, his counsel agreed to the October 23, 2013 date for the deposition.

Mr. Martin offers no evidence showing that he does not have knowledge of discoverable information regarding the *Makaeff* case. His counsel also has not established that discovery is closed in the *Makaeff* case. Therefore, even if Mr. Martin's testimony might provide information that may be useful in another case, there is no legal or factual basis supporting a finding that Mr. Martin should not be subject to discovery in the *Makaeff* case.

If Mr. Martin or his counsel believed that the deposition should not go forward, the only option was to file a motion for a protective order in the *Makaeff* case and obtain a stay of the deposition pending resolution of the motion. *See Degenhart v. Arthur State Bank*, No. CV411-041, 2011 WL 3651312 (S.D. Ga. Aug. 8, 2011) (citing law of many jurisdictions, including California). Counsel for Mr. Martin did not file a motion for a protective order in the *Makaeff* case and did not obtain a stay of the deposition. Therefore, no good cause has been shown to excuse Mr. Martin's failure to appear at the deposition.

Before addressing the question of whether Mr. Martin should be held in contempt of Court, the Court will give him one opportunity to rectify his earlier failure to appear at his deposition. Accordingly, it is **ORDERED** that Mr. Martin and his counsel shall appear for his deposition and produce documents called for in the subpoena *duces tecum* previously issued to him on **Monday,**

**November 4, 2013 at 9:00 a.m.** at Luks, Santaniello, Petrillo & Jones, 255 S. Orange Avenue, Suite 750, Orlando, Florida 32801.[1]

Should Mr. Martin fail to attend this deposition[2], it is further **ORDERED** that he shall appear before the undersigned at **1:30 p.m. on Monday, November 4, 2013** in Courtroom #5D, United States District Court, Middle District of Florida, 401 West Central Boulevard, Orlando, Florida to show cause why he should not be held in contempt of Court. Participants in the hearing will be required to present photo identification to enter the building. Participants shall review and abide by the standing order regarding personal electronics in the courthouse. *See* Case No. 6:13-mc-94-Orl-22 at Doc. No. 1.

It is further **ORDERED** that counsel for Mr. Martin shall provide him a copy of this Order and Conditional Notice of Hearing forthwith.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] Immediately after the conclusion of the deposition, counsel shall confer in a good faith effort to resolve the request for an award of fees and costs for the October 23, 2013 deposition. If they fail to reach agreement, Movant may file a renewed motion for an award of fees and costs supported by evidence of the actual costs incurred and the reasonable lodestar attorney's fees.

[2] Counsel for Movants shall promptly notify my chambers at 407/835-4320 if Mr. Martin does not appear for the deposition.