**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: SUBPOENA** *DUCES TECUM* **AND** *AD TESTIFICANDUM* **TO GERALD MARTIN**

_____

**TARLA MAKAEFF, et al., on behalf of themselves and all others similarly situated,**

        **Plaintiffs,**

**-vs-**                                                 **Case No. 6:13-cv-1679-Orl-37KRS**

**TRUMP UNIVERSITY, LLC, et al.,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' RENEWED MOTION FOR AWARD OF FEES AND COSTS REGARDING GERALD MARTIN'S DEPOSITION (Doc. No. 16)**
>
> **FILED:**      **November 7, 2013**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs' motion for attorneys' fees and costs is not adequately supported. A renewed motion should be supported by evidence of the background and experience of each individual for whose work fees are sought, case law or other evidence of the reasonable hourly rate for each individual, and time

sheets showing the work for which fees are sought.  A renewed motion should also be supported by the evidence of the costs actually incurred (such as invoices or receipts) and an explanation of why such costs were necessarily and reasonably incurred.  With respect to expenses, the supporting evidence should address whether any expenses were non-refundable or required the payment of fees to change the arrangements.

If counsel seeks reimbursement of costs and fees for time spent traveling to Florida in a renewed motion, counsel shall address why the travel was necessary in light of the advance notice counsel apparently received that Mr. Martin would not appear at the deposition.  The motion should further address why it was necessary for counsel to attend the deposition in person, rather than by telephone, to record the non-appearance of Mr. Martin and, if personal attendance of counsel was necessary, why counsel located in Florida rather than counsel located in California was required to appear at the scheduled date and time for the deposition.

Finally, prior to filing a renewed motion, Plaintiffs' counsel shall confer again with Mr. Martin's counsel as required by Local Rule 3.01(g)[1], and a renewed motion shall be supported by an updated Local Rule 3.01(g) certification.

**DONE** and **ORDERED** in Orlando, Florida on November 15, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court interprets Local Rule 3.01(g) to require an in-person or telephone conversation not merely correspondence through email or otherwise.