UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* TO GERALD MARTIN<br><br>TARLA MAKAEFF, *et al.*, on Behalf of Themselves and All Others Similarly Situated,<br><br>                       Plaintiffs,<br><br>  vs.<br><br>TRUMP UNIVERSITY, LLC, *et al.*,<br><br>                       Defendants. | CASE NO. 6:13-cv-01679-RBD-KRS<br><br>PLAINTIFFS' AMENDED RENEWED MOTION FOR AWARD OF FEES AND COSTS REGARDING GERALD MARTIN'S DEPOSITION |

Pursuant to the Court's November 15, 2013 Order (Dkt. No. 20), Plaintiffs respectfully submit this Amended Renewed Motion for Award of Fees and Costs Regarding Gerald Martin's Deposition (the "Amended Renewed Motion").

## I.     INTRODUCTION

Though this Court found that no good cause excused Gerald Martin ("Martin") from appearing at his properly-noticed deposition (*see* Dkt. No. 8 at 3), and despite this Court's order requiring Martin and his counsel to meet-and-confer in good faith with Plaintiffs about their fees and costs incurred due to Martin's non-appearance (*see id.* at 4 n.1), Martin and his counsel steadfastly refuse to reimburse Plaintiffs one cent.

Defense counsel and Martin's refusal to confer in good faith flies in the face of these undeniable facts: defense counsel instructed Martin not to show up at his deposition at the last minute, Plaintiffs' counsel indicated she was getting on a plane to Orlando within a matter of hours and encouraged Martin to reconsider, and Plaintiffs were forced to file a motion to compel his deposition and now for fees and costs.  Defense counsel and Martin's refusal to cooperate as to any of Plaintiffs' reasonably-incurred fees and costs is just more of the same defiance Plaintiffs have faced at every step in exercising their right to depose former Trump University instructors.  Defense counsel's tactics should not be rewarded by saddling Plaintiffs with the costs of their non-compliance.

Plaintiffs respectfully submit that the Court should grant their motion.

## II.    PROCEDURAL BACKGROUND

Plaintiffs will not repeat the entire procedural history of this matter as it is largely set forth elsewhere. *See* Dkt. Nos. 1, 4, and 16.  On November 7, 2013, Plaintiffs filed a

motion for attorneys' fees and costs incurred in connection with the deposition of Martin. This Court denied the motion without prejudice, requesting additional information about: (1) the background and experience of the attorneys who undertook the work; (2) the reasonableness of the hourly rate sought for each; (3) time sheets showing their work; and (4) receipts for the actual costs incurred and an explanation as to why they were necessarily and reasonably incurred.  Dkt. No. 20 at 1-2.

Pursuant to the Court's order, Plaintiffs' counsel again met and conferred with Gerald Martin's counsel in an attempt to avoid burdening this Court with further litigation.  Eck Decl., ¶¶16-20.[1]  Specifically, Amber Eck conferred telephonically with Jill Martin via telephone on December 3, 2013, and then again on December 12, 2013, as well as through numerous emails and providing information at defense counsel's request. *Id*.  Nevertheless, Ms. Martin indicated that neither defense counsel nor Gerald Martin will agree to pay any of Plaintiffs' costs or fees.  *Id*.

### III. PLAINTIFFS ONLY SEEK A PORTION OF THEIR ATTORNEYS' FEES AND COSTS

#### A. The Court May Order Reimbursement of Attorneys' Fees and Costs Due to Martin's Unjustified Failure to Appear

It is appropriate for the Court to award Plaintiffs a portion of their attorneys' fees and costs incurred due to Martin's unjustified failure to appear at his deposition at defense counsel's instruction, and subsequent refusal to reimburse any fees and costs.

---

[1]  "Eck Decl." refers to the Declaration of Amber L. Eck in Support of Plaintiff's Amended Renewed Motion for Award of Attorneys' Fees and Costs Regarding Gerald Martin's Deposition, filed concurrently herewith.

This Court "enjoys broad discretion in crafting an appropriate sanction for violations of the discovery rules." *Sigurdsson v. Dicarlantonio*, No. 6:12-CV-920-Orl-TBS, 2013 U.S. Dist. LEXIS 159623, at *4-*7 (M.D. Fla. Nov. 7, 2013) (awarding expenses and fees for plaintiff's failure to attend deposition without good cause) (citing *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997)).

Subsection (g) of Rule 45, added as part of the 2013 Amendments, provides a non-party may be held in contempt for failing, without adequate excuse, to obey a subpoena.[2] Fed. R. Civ. P. 45(g). The Advisory Committee notes explain that the Rule is "amended to clarify that contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena." *Id.* (advisory committee's note). Courts have ordered non-party witnesses to pay attorneys' fees and costs for failing to show up for their properly-noticed deposition pursuant to Rule 45. *See*, *e.g.*, *Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80, 82 (S.D. Fla. 1989) (holding non-party in contempt under Rule 45(f) for failing to appear at deposition or file timely motion to quash, and awarding costs and attorneys' fees to the opposing party).

Courts have also held Rule 37(b)(1) provides authority to sanction a non-party deponent for failure to appear at a deposition. *See General Ins. Co. of Am. v. Eastern Consol. Utils.*, 126 F.3d 215, 220 (3d Cir. 1997) ("Rule 37(b)(1) provides the appropriate means to sanction a nonparty."). In *General Ins. Co. of Am.*, the Court ordered a non-

---

[2] Rule 45(e) previously provided for contempt. *See* Rule 45 advisory note.

party business partner of defendant to pay attorneys' fees and costs under Rule 37(b)(1) as sanctions for failing to appear at his properly noticed deposition. *Id.*

### B. It Is Proper to Order Both Non-Party Deponent and Counsel to Pay a Portion of Plaintiffs' Attorneys' Fees and Costs

If a non-party deponent fails to appear for his deposition, the Court may order both the deponent and his counsel to pay attorneys' fees and costs incurred by the other side either under federal rules or pursuant to 28 U.S.C. §1927. *See In re TFT-LCD Panel Antitrust Litig.*, 289 F.R.D. 548, 552-54 & n.7 (N.D. Cal. 2013). In *TFT-LCD*, two non-parties objected to the settlement of an antitrust class action. Plaintiffs noticed the depositions of the non-parties (Alison Paul and Johnny Kessel); however, their counsel, Joseph Palmer, instructed his clients, the non-parties, not to appear. *Id.* at 551. Thereafter, plaintiffs in *TFT-LCD* filed a motion to compel and a motion to hold them in contempt and award monetary sanctions of $10,000 in attorneys' fees and $1,154.11 in costs. *Id.* at 552. The court imposed monetary sanctions, jointly and severally, on the non-party deponents *and* their counsel under Rule 37(b)(1) of $8,100 in attorneys' fees and $1,154.11 in costs. *See id.* at 554. Similarly, the Southern District of Florida recently observed: "Federal courts routinely award Rule 37 expense awards (including attorney's fees) against both the party and its counsel." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV-GOODMAN, 2013 U.S. Dist. LEXIS 170299, at *49 (S.D. Fla. Dec. 3, 2013) (citation omitted).

Here, too, the Court should hold Martin and his counsel jointly and severally liable for a portion of the attorneys' fees and costs incurred by Plaintiffs due to Martin's

failure to appear at his properly noticed and scheduled deposition and the motion practice that has resulted therefrom.

### C. Plaintiffs Reasonably Incurred Fees and Costs in Traveling to, and Attending, the Scheduled Martin Deposition

As this Court previously found, the Martin deposition was properly noticed for October 23, 2013 at 9:00 a.m., but he did not appear as his counsel had previously represented. As a result of Martin's non-appearance at his scheduled deposition, Plaintiffs seek a partial reimbursement of their attorneys' fees in the amount of $12,600 and costs in the amount of $964.21. *See* Eck Decl., Exs. 1, 3.

Plaintiffs' attorneys' fees and costs were necessary and reasonably incurred. The parties had attempted to negotiate Martin's deposition to take place in San Diego or Los Angeles, but were unable to find a date that would work for both sides, so it was decided that the deposition would take place near Martin's residence in Orlando. As previously explained, Plaintiffs had been trying to depose a Trump University instructor for over a year and insisted that at least one of these depositions take place prior to the hearing on plaintiffs' motion for class certification on November 8, 2013. *See* Dkt. No. 1 at 2-3.

Although Martin's counsel told Plaintiffs' counsel within hours of her boarding a plane to Orlando that counsel was instructing Martin not to appear at his deposition, Plaintiffs believed it was necessary for counsel to travel to Florida for the deposition in case it went forward. To be sure, Plaintiffs held out hope that defense counsel was merely posturing and would reconsider their unreasonable refusal to proceed with the deposition once Plaintiffs advised that they intended to go forward with the deposition, that their counsel was getting on a plane in mere hours for the scheduled deposition, and

that Martin could be held in contempt as he had failed to seek a court order excusing his appearance. Plaintiffs steadfastly urged counsel and Martin to comply with the subpoena and appear as they had previously agreed to do. *See* Jensen Decl., Exs. 2, 3.[3] Given that they had not agreed to cancel the deposition, Plaintiffs' were rightfully concerned that, if Martin reconsidered and appeared at the scheduled deposition, but Plaintiffs' counsel did not, it would prejudice Plaintiffs' ability to obtain the deposition prior to the class certification hearing. Eck Decl., ¶3. Given the many twists and turns in this hotly-contested litigation, it certainly would not have been inconceivable for defense counsel to adopt such a tactic. Indeed, Plaintiffs were also concerned that Martin may, in fact, appear at his deposition since defense counsel never filed a notice of appearance on his behalf and technically did not represent him in this case (and in fact, Florida counsel, Mr. Russomanno, ultimately appeared to defend the deposition after this Court ordered the deposition to proceed, not Ms. Martin).

If Martin appeared, Plaintiffs' primary counsel – all located in San Diego – would have to be there in person to take the deposition, as they were the only ones who were familiar with the tens of thousands of pages produced relevant to the deposition and had prepared for the deposition. *Id.* And, although Robbins Geller Rudman & Dowd LLP ("RGRD") has an office in Boca Raton, Florida, the attorneys in that office have never been involved in the case until Plaintiffs filed their motion compel Martin's deposition. *Id.* It was simply not feasible or efficient for a lawyer from RGRD's Boca Raton office

---

[3] "Jensen Decl." refers to the Declaration of Rachel L. Jensen in Support of Plaintiff's Amended Renewed Motion for Award of Attorneys' Fees and Costs Regarding Gerald Martin's Deposition, filed concurrently herewith.

to appear for the deposition in the event that Martin did show up, as it would have taken countless hours to get up to speed on the case and review the tens of thousands of pages of documents directly relevant to the deposition, if that could even have been done before the deposition. *Id.*

As to costs, Plaintiffs incurred $964.21 in out-of-pocket expenses in connection with the Martin deposition as follows: counsel's airfare ($563.60); counsel's hotel ($118.48); counsel's rental car ($34.13), counsel's parking at deposition ($12); court reporter for the deposition ($190); and filing fee for motion to compel compliance with subpoena ($46). At the Court's request (*see* Dkt. No. 20 at 2), Plaintiffs hereby submit their counsel's receipts for each of these costs. *See* Eck Decl., Ex. 2.

The airline ticket for Plaintiffs' counsel in the amount of $563.60 was non-refundable and non-transferrable. *See* Eck Decl., ¶10. The U.S. Airways ticket expressly states that it is non-refundable and non-transferrable. *See* Eck Decl., Ex. 3. Under the U.S. Airways policy for changing non-refundable tickets, there is a $200 change fee charge, and if a less expensive ticket is purchased, the difference is forfeited. *See* Eck Decl., ¶10 and Ex. 3. Here, Ms. Eck later purchased a ticket for $400, so had she canceled, Plaintiffs would have incurred both the $200 change fee, and lost $163 of the value of the ticket. Eck Decl., ¶10.

Further, at the time defense counsel notified Ms. Eck that Martin would not appear at the deposition, the hotel was non-refundable. Specifically, the hotel reservation had a three-day cancellation policy, and had to be cancelled by Saturday, October 19, 2013, for check-in on Tuesday, October 22, 2013. Eck Decl., ¶¶11-13; Ex. 4. On Friday

October 18, 2013, defense counsel confirmed that they *would* attend the deposition on October 23, 2013 in Orlando, and that they did not intend to serve objections to the amended deposition notice. See Eck Decl., ¶3. Defense counsel, Jill Martin, did not notify Ms. Eck that they did not intend to appear at the deposition until 4:05 p.m. Eastern Standard Time on Monday, October 21, 2013 – two days after the deadline to cancel the hotel had passed. Eck Decl., ¶12.

As Martin and his counsel refused to appear for the scheduled deposition without seeking court intervention, and Plaintiffs incurred fees and costs as a result, it is proper for the Court to shift those fees and costs to Martin and defense counsel.

### D. Plaintiffs Necessarily Incurred Fees and Costs in Litigating the Motion to Compel Martin's Deposition

It is not disputed that, in order to secure Martin's appearance at his deposition prior to the hearing for class certification, Plaintiffs had to file a motion to compel Martin's deposition, which this Court granted on October 29, 2013. Dkt. No. 8. As this Court found, "no good cause has been shown to excuse Mr. Martin's failure to appear at the deposition." *Id.* at 3. The motion to compel caused Plaintiffs to incur attorneys' fees and costs exceeding the amount requested here, which Plaintiffs have voluntarily reduced. See Eck Decl., ¶7 and Ex. 1; Jensen Decl., ¶7 and Ex. 1. Plaintiffs respectfully request that this Court order Martin and his counsel to reimburse a portion of their reduced fees and costs requested in connection litigating the motion to compel Martin's deposition, as set forth in Eck Decl., Exs. 1 and 2.

### E. Plaintiffs Incurred Fees and Costs in Litigating Their Motion for Attorneys' Fees and Costs

As previously noted, Plaintiffs' counsel Ms. Eck met and conferred in-person with Martin's Florida counsel, Herman Russomanno, immediately after his November 5, 2013 deposition, regarding reimbursement of attorneys' fees and costs pursuant to this Court's October 29, 2013 order. *See* Dkt. No. 8 at 4 n.1.  However, Martin and his counsel refused to reimburse *any* fees or costs, requiring Plaintiffs to file and litigate the issue of fees and costs rather than try to reach a compromise.  Eck Decl., ¶¶16-20.

Then, pursuant to the Court's November 15, 2013 Order (*see* Dkt. No. 20), Plaintiffs' counsel Ms. Eck met and conferred with Martin's out-of-state counsel, Jill Martin, by telephone on December 3, 2013 and December 12, 2013.  Eck Decl., ¶¶17-18. Nevertheless, again, Martin and his counsel again refused to reimburse any of Plaintiffs' fees or costs, requiring Plaintiffs to incur additional fees and costs in filing this Amended Renewed Motion.  *See* Eck Decl. at ¶20.

Plaintiffs respectfully request that the Court order Martin and his counsel to reimburse a portion of their attorneys' fees and costs in connection with litigating their motion for fees and costs, as set forth in Eck Decl., Exs. 1 and 2.

### F. Plaintiffs Seek the Generally-Accepted Local Hourly Rate of $350 Per Hour for Their Attorneys' Fees in Connection with this Motion

Through this motion, Plaintiffs seek only a fraction of their attorneys' fees incurred in connection with the scheduled Martin deposition and the motion practice that has ensued.  Specifically, for purposes of this motion, Plaintiffs request that the Court

award them $350 per hour (which is reduced from counsel's ordinary billing rates) for only a portion of the total hours of work performed. *See* Eck Decl., ¶7; Jensen Decl., ¶7.

With respect to the individual attorneys whose time and effort Plaintiffs seek reimbursement, Amber L. Eck, Rachel L. Jensen, and Mark Dearman, are highly experienced class action litigators who have been admitted to practice for 18 years, 13 years, and 21 years respectively. The experience and qualifications of these attorneys and their firms are set forth in their firm resumes, attached as Ex. 5 to the Eck Decl. and Ex. 4 to the Jensen Decl., respectively. Although their customary billing rates are ordinarily $690 for Ms. Eck, $635 for Ms. Jensen, and $670 for Mr. Dearman, respectively, Plaintiffs seek a reduced hourly rate of just $350 per hour for each of these attorneys for purposes of this motion.[4] Eck Decl., ¶¶5, 7; Jensen Decl., ¶¶5-6.

The Middle District of Florida has held that hourly rates between $345 and $400 are reasonable for experienced attorneys. *See Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, at *43 (M.D. Fla. Jan. 25, 2012) (concluding that hourly rates of $375-400 were reasonable for highly-experienced attorneys); *Cox Enters. v. News-Journal Corp.*, No. 6:04-cv-698-Orl-28DAB, 2012 U.S. Dist. LEXIS 176650, at *12 (M.D. Fla. Nov. 13. 2012) (finding hourly rates up to $395 reasonable); *see also TemPay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-

---

[4] Were this the end of the case, and Plaintiffs had prevailed in the underlying action, Plaintiffs would seek attorneys' fees at their ordinary and customary hourly billing rates, along with an appropriate multiplier to reflect the contingent nature of the case and other relevant factors, subject to the Court's approval in the Southern District of California. But, given the discovery context of this motion, and the locally-accepted rates in this District, Plaintiffs only seek those rates without any multiplier at this time.

2732-T-27AEP, 2013 U.S. Dist. LEXIS 158724, at *9 (M.D. Fla. Oct. 30, 2013) (holding rate of $375 per hour for partner reasonable); *Holland v. Gee*, No. 8:08-cv-2458-T-33AEP, 2012 U.S. Dist. LEXIS 164956, at *15 (M.D. Fla. Oct. 23, 2012) (holding hourly rate of $350 per hour reasonable for 14-year attorney); *Daniels v. Sodexo, Inc.*, No. 8:10-CV-00375-T-27AEP, 2013 U.S. Dist. LEXIS 154218 (M.D. Fla. Oct. 28, 2013) (finding fees of up to $345 per hour reasonable). Here, too, due to the extensive experience of these three Plaintiffs' counsel, $350 per hour is a reasonable and customary fee for this local market and for purposes of this motion.

Significantly, Plaintiffs are seeking reimbursement for only 36 hours of work as part of this motion, even though they were forced to spend many additional hours attending to this matter as a result of Martin's non-appearance at his scheduled deposition, such as litigating the motion to compel and fee motion, meeting and conferring with counsel for Martin numerous times, and providing counsel with additional documentation at their request. *See* Eck Deck., ¶¶7, 18. Thus, Plaintiffs' request is eminently reasonable.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court order Gerald Martin and his counsel, jointly and severally, to reimburse Plaintiffs for costs in the amount of $964.21 and a modest portion of their attorneys' fees in the amount of $12,600, incurred due to Martin's unjustified failure to appear at his scheduled deposition and the resulting motion practice, or in such amount as this Court deems appropriate.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel Amber Eck met in person with Gerald Martin's counsel, Herman Russomanno, on November 5, 2013, prior to filing the initial motion for attorneys' fees and costs.  Pursuant to this Court's November 15, 2013 Order, Amber Eck met with Gerald Martin's counsel, Jill Martin, telephonically on December 3, 2013 and December 12, 2013, and exchanged numerous e-mails containing information requested by Gerald Martin's counsel, prior to filing this revised motion for attorneys' fees and costs.  At all times, defense counsel stated that both counsel and Gerald Martin opposed Plaintiffs' motion and they would not agree to pay any costs or fees in connection with Gerald Martin's failure to appear at the Scheduled Martin Deposition, the subsequent motion to compel, and the motions for attorneys' fees and costs.

Respectfully submitted,

DATED: December 20, 2013           ROBBINS GELLER RUDMAN
                                                                  & DOWD LLP
                                                         MARK DEARMAN, Trial Counsel
                                                         Florida Bar No. 982407
                                                         STUART A. DAVIDSON
                                                         Florida Bar No. 84824


                                                         _____
                                                                  */s/ Mark Dearman*
                                                                    MARK DEARMAN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN
THOMAS R. MERRICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
rachelj@rgrdlaw.com
tmerrick@rgrdlaw.com

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
HELEN I. ZELDES
ALREEN HAEGGQUIST
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 20, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

*/s/ Mark Dearman*
MARK DEARMAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK DEARMAN, Trial Counsel
Florida Bar No. 982407
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
mdearman@rgrdlaw.com