UNITED STATES DISTRICT COURT

MIDDLE DISTRICT FLORIDA

ORLANDO DIVISON

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* TO GERALD MARTIN<br><br>TARLA MAKAEFF, et al., on Behalf of Themselves and All Other Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>Defendants. | CASE NO.: 6:13-cv-01679-RBD-KRS<br><br>DECLARATION OF JILL A. MARTIN IN SUPPORT OF OPPOSITION TO PLAINTIFFS' AMENDED RENEWED MOTION FOR AWARD OF FEES AND COSTS REGARDING GERALD MARTIN'S DEPOSITION |

I, Jill A. Martin, declare:

1. I am an attorney at law, licensed to practice before the state of California courts and the Northern, Central, and Southern District of California District Courts. I am an in-house attorney for The Trump Organization and am counsel of record for the defendants Trump University, LLC and Donald J. Trump and third-party witness Gerald Martin. I make this declaration of my own personal knowledge, and if called to testify, I could and would testify competently to the facts stated herein.

2. On or about October 30, 2013, in a telephone conversation with counsel for Plaintiff, Amber Eck, I asked that Plaintiffs' counsel bring with them to the deposition of Gerald Martin substantiation for the fees and costs they incurred as a result of Mr. Martin's failure to appear at his November 23, 2013 deposition.

3. After Gerald Martin's deposition on November 5, 2013, Amber Eck and local counsel for Trump University and Gerald Martin, Herman Russomanno III, met in person to discuss Plaintiffs' initial motion for attorneys' fees and costs. During the meet and confer, Ms. Eck gave Mr. Russomanno a one page document purporting to be the fees and costs Plaintiffs' would be seeking from the court. The document reflected that Plaintiffs' counsel would be seeking $26,921.07. Mr. Russomanno immediately sent the document to me for my review, as I am the attorney who was handling the fee issue. A true and correct copy of the purported timesheet reflecting Plaintiffs' counsel's fees and costs is attached hereto as Exhibit A.

4. On December 3, 2013, I met and conferred with Amber Eck via telephone. As the documentation Plaintiffs' purported to be what they were seeking from the court was different from what they actually sought in their initial motion, I asked Ms. Eck to send me copies of the documents Plaintiffs' counsel would be submitting to the Court to support their fee request. I

also asked Ms. Eck to tell me who the motion would be brought against, as Ms. Eck could not definitively tell me during our telephone conversation.

5. Following the meet and confer call with Ms. Eck on December 3, 2013, Ms. Eck sent me an email attaching copies of the timesheets and cost receipts that she represented to be the evidence that would be submitted to the Court with Plaintiffs' motion. This time, the amount Plaintiffs' represented they would be seeking was $16,150 in fees and $1,209.92 in costs. A true and correct copy of the email is attached hereto as Exhibit B.

6. On December 11, 2013, Ms. Eck emailed me to inform me that Plaintiffs had changed the amount they would be seeking in their motion and emailed me updated documentation of such changes. This time, Plaintiffs represented that they would be seeking $12,600 in fees and $1,190.95 in costs. A true and correct copy of the email is attached hereto as Exhibit C.

7. On December 12, 2013, I met and conferred with Ms. Eck again about the fees motion, this time based on the latest amounts provided to me on December 11, 2013. During the meet and confer, I informed Ms. Eck that defense counsel and Gerald Martin would not agree to pay any of counsel's fees and costs because they were not entitled to such recovery.

8. On December 16, 2013, Ms. Eck emailed and left a voicemail message for me requesting to further meet and confer. A true and correct copy of Ms. Eck's email is attached hereto as Exhibit D. The following day, my assistant informed her that I was unavailable until December 19, 2013. A true and correct copy of the December 19, 2013 email is attached hereto as Exhibit E.

9. On December 19, 2013, I attempted to contact Ms. Eck via telephone to further meet and confer as requested by her December 16, 2013 email. I was unable to reach Ms. Eck and therefore left her a voicemail message.

10. On December 20, 2013, Amber Eck left me a voicemail message letting me know that Plaintiffs would be further revising the timesheets and costs that Plaintiffs' would be submitting to the Court. She also emailed me asking if I would be available to meet and confer that day at 2:30 p.m. Ms. Eck did not attach or inform me of the amount of fees and costs Plaintiffs would now be requesting. A true and correct copy of the December 20, 2013 emailing seeking a further meet and confer is attached hereto as Exhibit F.

11. On December 20, 2013, because I was unavailable, my assistant, Latonya Vincent, responded to Ms. Eck's email letting her know that I was unavailable and offering to schedule a call on December 26, 2013 (during my holiday vacation). A true and correct copy of the email from Latonya Vincent to Amber Eck is attached hereto as Exhibit G.

12. On December 20, 2013, Ms. Eck, by email, declined my assistant's offer to properly meet and confer by stating "Unfortunately, that will be too late." A true and correct copy of Ms. Eck's refusal to properly meet and confer about Plaintiffs' revised fee request is attached hereto as Exhibit H.

Dated:   December 23, 2013

/s/ Jill A. Martin
Jill A. Martin
Attorney for Defendants and Gerald Martin