UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* TO GERALD MARTIN <br><br> TARLA MAKAEFF, *et al*., on Behalf of Themselves and All Others Similarly Situated, <br><br>                          Plaintiffs, <br><br>     vs. <br><br> TRUMP UNIVERSITY, LLC, *et al*., <br><br>                          Defendants. | CASE NO. 6:13-cv-01679-RBD-KRS <br><br> CORRECTED DECLARATION OF AMBER L. ECK IN SUPPORT OF PLAINTIFFS' AMENDED RENEWED MOTION FOR AWARD OF FEES AND COSTS REGARDING GERALD MARTIN'S DEPOSITION |

I, Amber L. Eck, declare as follows:

1. I am an attorney with the law firm Zeldes Haeggquist & Eck, LLP, one of Plaintiffs' counsel. I am duly licensed to practice before all state and federal courts in California. The facts stated in this declaration are true and based upon my own personal knowledge and, if called to testify to them, I would competently do so.

2. I submit this declaration in Support of Plaintiffs' Amended Revised Renewed Motion for Award of Fees and Costs Regarding Gerald Martin's Deposition and in response to this Court's Order dated November 15, 2013 (Doc. 20).

**Deposition of Gerald Martin**

3. The deposition of Gerald Martin was properly noticed for Wednesday, October 23, 2013. On Friday, October 18, 2013, Jill Martin confirmed that she and Gerald Martin would attend the deposition, and that she did not intend to serve objections to the amended deposition notice. It was not until Monday October 21, 2013 at 1:05 p.m. that Jill Martin notified me that she and Gerald Martin did not intend to appear. Rachel Jensen and I urged Jill Martin and Gerald Martin to comply with the subpoena and appear, and we were concerned that if Martin appeared at the deposition, but we did not, it would prejudice our ability to obtain the deposition before the class certification hearing. If Gerald Martin appeared, I believed that as Plaintiffs' primary counsel, I would need to be there in person to take the deposition, as I was the one intimately familiar with the tens of thousands of pages produced relevant to the deposition and had prepared for the deposition of this witness. Although Robbins Geller Rudman & Dowd, LLP has an office in Boca Raton, Florida, the attorneys in that office have never been

involved in the case until Plaintiffs filed their motion to compel Gerald Martin's deposition. It was not feasible or efficient for a lawyer from RGRD's Boca Raton office to appear for the deposition in the event that Martin did show up, as it would have taken countless hours to get up to speed on the case and review the tens of thousands of pages of documents directly relevant to the deposition. However, at the instruction of his counsel, Gerald Martin did not appear. The court reporter and I appeared, and I went on the record to record Gerald Martin's non-appearance. The same day, Plaintiffs filed a motion to compel Gerald Martin's deposition, which the Court granted on October 29, 2013 (Doc. 8).

**Experience**

4. I have been practicing law for 18 years, since 1995, and have specialized in the litigation of complex and class actions since that time. A true and correct copy of my firm resume, including my experience and qualifications, is attached as Ex. 5.

**Fees Incurred**

5. My usual and customary hourly rate for class actions is $690 per hour, and courts have approved as reasonable this hourly rate in class action settlements.

6. I am requesting reimbursement for a total of 26 hours at an hourly rate of $350 per hour, as set forth in the timesheet attached hereto as Ex. 1. Based upon my research, I believe that $350 per hour is a reasonable and customary hourly rate for this market for purposes of this motion.

7. The timesheet attached as Ex. 1 is a true and accurate description of certain time I have spent in regard to Gerald Martin's deposition. I have actually incurred

additional hours that I am not seeking reimbursement for in this motion.

**Costs Incurred**

8.     I incurred the following costs in attending the October 23, 2013 deposition of Gerald Martin for which I am seeking reimbursement: airfare ($563.60); hotel ($118.48); rental car ($34.13), parking at deposition ($12); court reporter for deposition ($190); and filing fee for motion to compel compliance with subpoena ($46) – totaling $964.21.

9.     True and correct copies of receipts for these expenses are attached as Ex. 2.

**Airfare on U.S. Airways was Nonrefundable and Non-Transferrable**

10.     In an attempt to conserve costs, the airfare I purchased on U.S. Airways was non-refundable and non-transferrable.  It was less than half the price of refundable tickets at that time.  To change the ticket, there would have been a $200 change fee, and if a less expensive ticket was purchased, the difference would be forfeited.  *See* Ex. 3.  I later purchased a ticket for $400, so if I had cancelled the initial ticket, I would have incurred both the $200 change fee and lost $163 of the value of the ticket.

**Marriott Reservation Required to be Cancelled Three Days Prior to Check-In for Refund**

11.     The hotel reservation I had with Marriott was subject to a three-day cancellation policy, and had to be cancelled by Saturday, October 19, 2013 for check-in on Tuesday October 22, 2013.  In an attempt to conserve costs, before making this hotel reservation, I did a considerable amount of shopping around (on my own time) and this hotel was less than half the price of comparable hotels in downtown Orlando, which at

that time, were over $200, with additional charges for parking and internet. The Marriott I reserved was $107/night + tax, with free parking and internet.

12. Defense counsel Jill Martin did not inform me that she did not intend to appear at the deposition until Monday October 21, 2013 at 1:05 p.m. Pacific time (4:05 p.m. Eastern) – two days after the deadline to cancel the hotel reservation had passed.

13. As I explained to Jill Martin on December 4, 2013, my original Marriott reservation confirmation did state that it was subject to a three-day cancellation policy and had to be cancelled by Saturday, October 19, 2013. However, after I got my final hotel invoice, I deleted my confirmation email. On the morning of December 4, 2013, I called both the Grande Vista Marriott in Orlando and Marriott central reservations to see if they could send me a copy of this email, and was told that they could not, because it was an automatically-generated email. They sated they could send me the general three-day cancellation policy, which they did. I forwarded that that email to Jill Martin and it is attached as Ex. 4.

14. I also explained to Jill Martin that if she were to go to the Marriott website that day to book a new reservation at the Grande Vista at the $107 rate, it would state that it is subject to the same three-day cancellation policy.

**Production of Voluminous Documents on the Eve of the Deposition**

15. The night before the deposition, after 5:00 p.m. EST, Defendants produced approximately 3,000 pages of documents and e-mails related to Gerald Martin from Trump University's files. Plaintiffs had been asking defense counsel for weeks to produce these documents sufficiently in advance so that Plaintiffs' counsel would have

sufficient time to review them, but Defendants refused.

**Meet-and-Confer Conference with Defense Counsel Re: Fees and Costs**

16.     I met and conferred with Gerald Martin's counsel, Herman Russomanno, in-person on November 5, 2013 immediately after the deposition and prior to filing the initial motion for attorneys' fees and costs. Mr. Russomanno refused to pay any amount of fees or costs.

17.     Prior to filing this revised motion, I again met and conferred with Gerald Martin's counsel, Jill Martin, via telephone on December 3, 2013.  Per her request, I e-mailed to her the same day copies of the expense receipts and copies of the timesheets we intended to submit.  I informed her that the timesheets were in draft and that we might revise them slightly.

18.     On December 4, 2013, defense counsel Jill Martin asked me via email to send her whatever documentation I had reflecting that the hotel and airfare were not refundable.  Per her request, I emailed her the same day the U.S. Airways policy on changing non-refundable tickets and an email from the Marriot explaining the three-day cancellation policy.  *See* Exs. 4-5.

19.     Based on further research of Florida law regarding reasonable and customary rates in the Middle District of Florida, Plaintiffs' counsel reduced the hourly rate we were requesting from $475 per hour to $350 per hour.  On December 11, 2013, I emailed Jill Martin a revised timesheet (the same as attached as Ex. 1) showing the hourly rate reduced from $475 to $350 per hour, and with the one meal of $18.97 deleted.

20.     I met and conferred a final time with defense counsel, Jill Martin, on

December 12, 2013 by telephone, and she again stated that defense counsel and Gerald Martin were not willing to pay any attorneys' fees or costs, because they did not believe that Plaintiffs were entitled to recover any fees or costs.

21.     I called and emailed Jill Martin again on December 20, 2013 to let her know that we had revised the timesheets we previously provided to her and further reduced the costs we were seeking from $1,190.95 to $964.21.  Prior to filing this renewed motion, we emailed her copies of the revised ZHE timesheet which is attached here as Ex. 1 and the revised RGRD timesheet, which is attached to the Jensen declaration as Ex. 1.  However, we received an automatic email response indicating that she is out of the office until January 2, 2014.  To avoid further delay, we filed our motion.

**Exhibits**

22.     Attached are true and correct copies of:

| Exhibit | Description |
| --- | --- |
| 1 | Timesheet of Zeldes Haeggquist & Eck, LLP and list of costs incurred; |
| 2 | Receipts for costs incurred; |
| 3 | U.S. Airways change fee policy; |
| 4 | Marriott's three-day cancellation policy; and |
| 5 | Zeldes Haeggquist & Eck, LLP Firm Resume. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 20th day of December, 2013, at San Diego, California.

                                                                */s/Amber L. Eck*
                                                                AMBER L. ECK