## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**TARLA MAKAEFF, JOHN BROWN, J.R. EVERETT, SONNY LOW and ED OBERKROM,**

      **Plaintiffs,**

**v.**                                                              **Case No:   6:13-cv-1679-Orl-37KRS**

**TRUMP UNIVERSITY, LLC, GERALD MARTIN and DONALD J. TRUMP,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' AMENDED RENEWED MOTION FOR AWARD OF FEES AND COSTS REGARDING GERALD MARTIN'S DEPOSITION (Doc. No. 21)**
>
> **FILED:**      December 20, 2013
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

This matter initially came before the Court on a motion filed by Plaintiffs in the underlying case pending in the Southern District of California to compel a non-party, Gerald Martin, to comply with a subpoena *duces tecum* requiring him to appear in Orlando for a deposition and to produce documents. After extensive discussions between counsel, the deposition date was scheduled for October 23, 2013. *See* Doc. No. 1.

On October 15, 2013, Mr. Martin's attorney asked to reschedule the deposition to take place in Los Angeles, California, on October 21, 2013. Amber Eck, Esq., the attorney for Plaintiffs who intended to take the deposition, declined to reschedule the deposition because she had already purchased nonrefundable airline tickets to travel from California to Orlando.

On October 21, 2013, counsel for Mr. Martin advised Plaintiffs' counsel that Mr. Martin would not proceed with the deposition because another, related case had been filed. Plaintiffs' counsel indicated that she would, nonetheless, travel to Orlando as scheduled, which she did. Mr. Martin did not file a motion for a protective order, and he did not attend the deposition.

After the above-referenced motion was fully briefed, I ordered Mr. Martin to appear for a deposition at 9:00 a.m. on Tuesday, November 5, 2013, at the offices of Luks, Santaniello, Petrillo & Jones in Orlando or, alternatively, to appear in my courtroom at 1:30 p.m., on that date, and show cause why he should not be held in contempt of court. Doc. No. 14. Mr. Martin appeared and was deposed on November 5, 2013, as ordered. Therefore, this Court did not find that Mr. Martin was in contempt of court.

Plaintiffs now seek an award of the attorney's fees and costs that they incurred in filing the motion, including expenses of Attorney Eck's travel to Orlando for the originally scheduled deposition at which Mr. Martin did not appear. Doc. No. 21. Mr. Martin has responded to the motion. Doc. No. 24. The matter is ripe for resolution.

*Analysis.*

The subpoena to Mr. Martin was issued pursuant to Fed. R. Civ. P. 45. Rule 45 does not provide for an award of attorney's fees and costs as a sanction for failing to comply with a subpoena. *See, e.g.*, *Bray & Gillespie Mgmt LLC v. Lexington Ins. Co.,* No. 6:07-cv-222-Orl-19KRS, 2008 WL 2609719, at *3 (M.D. Fla. June 30, 2008) (citing *Am. Honda Motor Co. v.*

*Motorcycle Info. Network, Inc.*, No. 5:04-cv-12-Oc-10GRJ, 2006 WL 1063299, at *1 (M.D. Fla. Mar. 28, 2006)).

In *Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80, 82 (S.D. Fla. 1989), relied on by Plaintiffs, the court found the non-party, who was subject to a Rule 45 subpoena, in contempt of court and ordered the non-party to pay the movants attorney's fees and costs. Because this Court did not find Mr. Martin in contempt of court, *Shulton* does not provide a basis for awarding fees and costs in the circumstances of this case.

Similarly, in *General Insurance Co. of America v. Eastern Consolidated Utilities, Inc.*, 126 F.3d 215 (3d Cir. 1997), also cited by Plaintiffs, the court found a non-party in contempt of court for failure to attend a deposition. The court ordered the non-party to attend a deposition and produce documents within thirty days after the date of the order. *Id.* at 217. When the nonparty did not comply with the order, the court ordered the non-party to pay $500.00 to the movant to compensate it for the expenses and attorney's fees incurred pursuant to Fed. R. Civ. P. 37(b). *Id.* at 218. On appeal, the United States Court of Appeals for the Third Circuit held that the only sanction available under these facts is contained in Rule 37(b)(1), which permits a court to consider the failure to be sworn or to answer a question after being directed to do so by the court to be considered a contempt of court. *Id.* at 220-21. The *General Insurance Co.* case is not applicable to the facts in the present dispute because Mr. Martin did not disobey this Court's order requiring him to appear and be deposed on November 5, 2013.

Other cases cited by Plaintiffs are also not persuasive because they did not involve Rule 45 subpoenas to a non-party. *See United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (reversing award of sanctions under Fed. R. Civ. P. 37(d) against claimants in civil forfeiture proceeding); *Sigurdsson v. DiCarlantonio*, No. 6:12-cv-

920-Orl-TBS, 2013 WL 5954740, at *1-2 (M.D. Fla. Nov. 7, 2013) (motion for sanctions for a plaintiff's failure to attend a deposition).

Alternatively, Plaintiffs ask for the imposition of sanctions against Mr. Martin's attorney pursuant to 28 U.S.C. § 1927. Doc. No. 21. The standard for an award of fees under § 1927 in this circuit requires a showing that "the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006) (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)). While it was inappropriate for Mr. Martin's counsel to cancel the deposition, which had been rescheduled on an agreed date, without seeking protection from the Court, the evidence presented by Plaintiffs fails to establish that counsel's conduct was so egregious that it was tantamount to bad faith. Therefore, attorney's fees and costs are also not awardable under § 1927.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE